# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1070**                                        **September Term, 2025**

**EPA-91FR9088**

**Filed On: July 16, 2026** [2183599]

Air Alliance Houston, et al.,

        Petitioners

      v.

Environmental Protection Agency and Lee
M. Zeldin, Administrator, U.S.
Environmental Protection Agency,

        Respondents

------------------------------

America's Power, et al.,
              Intervenors
------------------------------

Consolidated with 26-1072

## O R D E R

Upon consideration of the motions for leave to intervene filed by: Minnkota Power Cooperative, Inc., East Kentucky Power Cooperative, Inc., Sunflower Electric Power Corporation, National Rural Electric Cooperative Association, Associated Electric Cooperative, Inc., Big Rivers Electric Corporation, Basin Electric Power Cooperative, America's Power, Oak Grove Management Company, LLC, Luminant Generation Company LLC, Westmoreland Mining Holdings LLC, Westmoreland Rosebud Mining LLC, Westmoreland Mining LLC, State of Alabama, State of Georgia, State of Tennessee, State of Louisiana, Commonwealth of Kentucky, State of Idaho, State of Utah, State of Oklahoma, State of Arkansas, State of Alaska, State of Iowa, State of South Dakota, State of Montana, State of West Virginia, State of Kansas, State of North Dakota, State of Wyoming, State of Texas, State of Indiana, State of South Carolina, State of Nebraska, National Mining Association, Midwest Ozone Group, NACCO Natural Resources Corporation, Talen Montana, LLC, Talen Energy Supply, LLC, and NorthWestern Energy Group, Inc.,

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1070**                                          **September Term, 2025**

schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Laura M. Morgan
Deputy Clerk