ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AIR ALLIANCE HOUSTON, *et al.*,<br>Petitioners,<br>v.<br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br>Respondents. | No. 26-1070 (consolidated with No. 26-1072) |

**PETITIONERS' JOINT OPPOSITION TO EPA'S MOTION TO RECONSIDER ABEYANCE ORDER**

The Court should deny EPA's motion to reconsider its August 13, 2026, order placing the case in abeyance. "The court rarely grants" motions to reconsider procedural orders, D.C. Circuit Handbook of Practice and Internal Procedures 32 (Dec. 2025 rev.), and for good reason: "Under this court's practice, a decision of the motions panel is the law of the case[.]" *Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 512 (D.C. Cir. 2019) (quoting *Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C. Cir. 2000)). EPA's motion repeats the arguments made in the agency's May 28, 2026, opposition to abeyance, asking this Court to reverse

course not based on new circumstances or arguments, but based entirely on arguments the Court has already heard and rejected.

Those arguments continue to lack merit. EPA identifies no error of fact or law in the panel's order, and does not contend that any circumstances have changed. EPA neither disputes that Petitioners' administrative petition raises centrally relevant objections that were impracticable to raise during public comment, nor disclaims that the Clean Air Act's exhaustion provision, 42 U.S.C. § 7607(d)(7)(B), precludes Petitioners from pressing those claims now.

Instead, EPA again asks the Court and the parties to proceed to litigate some claims now, with adjudication of Petitioners' other objections to the rule coming "at a later time." Recon. Mot. 7. As this Court has already heard and considered, that approach presents obvious inefficiencies for the Court, requiring that the challenge be litigated as two cases, to be adjudicated at different times, rather than one consolidated case. And it seriously burdens Petitioners, who could have to litigate the current challenge without access to all their legal objections (and spend words debating which claims are exhausted). By contrast, any contention that abeyance works a serious burden to regulated parties is not credible here, since the challenged deregulatory rule is in effect. The panel acted appropriately, and consistent with prior practice, in granting a time-limited abeyance in this case. There is no sound basis for reconsideration of that order.

**BACKGROUND**

As set forth more fully in Petitioners' previous abeyance motion, ECF No. 2173981 at 5-11, Petitioners challenge a February 2026 EPA rule that rescinded important health-protective limits on emissions of hazardous air pollutants from coal- and oil-burning power plants. That rule reinstated a loophole for lignite-burning coal plants that allows them to emit over three times as much mercury as non-lignite coal plants; loosened the standard that governs metallic hazardous air pollutants such as chromium, lead, and nickel; and rescinded the requirement to continuously monitor emissions in favor of less accurate "stack tests" a handful of times per year. 91 Fed. Reg. 9088 (Feb. 24, 2026) ("Final Repeal"). Petitioners filed timely petitions for review of the Final Repeal in March 2026. *See* ECF No. 2166505 (Public Interest Petitioners' petition); ECF No. 2166528 (State and Local Government Petitioners' petition).

EPA premised the Final Repeal on new, unanticipated rationales and legal interpretations that did not appear in the proposal and were never noticed to the public. That error required Public Interest Petitioners to file a reconsideration petition to compel EPA to address those significant procedural and substantive infirmities pursuant to Clean Air Act Section 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B), and State and Local Government Petitioners filed a letter

requesting reconsideration for the reasons outlined in that petition. *See* Doc. 2176868, Exhibits 1 & 2. The reconsideration petition identifies multiple legal theories, analyses, and rationales in the Final Repeal for which EPA did not provide public notice and opportunity for comment, and explains why EPA's errors are of "central relevance" to the Final Repeal, 42 U.S.C. § 7607(d)(7)(B). *See* Pet. Mot. for Limited Abeyance at 9-11, ECF No. 2173981 (detailing errors). In light of the reconsideration petition, and to facilitate the timely and efficient adjudication of all challenges to EPA's action, Petitioners jointly filed a motion for limited abeyance on May 18, 2026. ECF No. 2173981.

On August 13, 2026, this Court granted Petitioners' motion for a limited abeyance, directing parties to file motions to govern further proceedings by November 18, 2026. ECF No. 2188182. EPA's initial opposition to Petitioners' abeyance request contained all of the same arguments, in nearly identical terms, that EPA now presents in its motion to reconsider.

## ARGUMENT

### A. EPA Provides No Grounds to Reconsider the Court's Abeyance Order

EPA has failed to identify any sound basis for reconsideration of the Court's procedural order placing the case in abeyance for 90 days. EPA does not and could not contest the Court's authority to enter the order; indeed, "the decision to hold a case in abeyance is committed to [the Court's] discretion," *Utah by and Through*

*Cox v. EPA*, 2025 WL 1354371, *1 (D.C. Cir. 2025) (statement of Rao, joined by Walker, JJ.) (unpublished opinion), and reflects the "power inherent in every court to control the disposition of the causes on its docket," *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). EPA declares that *it* "has opted to proceed with this litigation and Petitioners' administrative petition on separate tracks," Recon. Mot. 6, but points to no authority allowing the agency unilaterally to determine how litigation over challenges to its rules is conducted. *See* Abeyance Reply 6-10 (ECF No. 2176868). This Court frequently places Clean Air Act review proceedings in abeyance to allow an agency to complete administrative proceedings, sometimes at EPA's request, *see* Abeyance Reply 4 & n.2, *id.* 9, and sometimes over its opposition, Abeyance Mot. 17 & n.5; *Sierra Club v. EPA*, No. 26-1055 (D.C. Cir. July 20, 2026), ECF No. 2184077.[1]

EPA's motion does not show that the Court made a mistake of law or fact or that relevant circumstances have changed since the abeyance motion was decided. That alone warrants denial of the motion.

---

[1] That approach is hardly a "novel strategy" (Recon. Mot. 1). Rule-challengers and EPA have both routinely requested abeyance to allow EPA to act on petitions for reconsideration. The examples EPA cites are cases in which EPA's rules contained important new theories, rationales, or factual assertions that had not been presented in EPA's proposed rules, and hence were subject to Section 307(d)(7)(B) and the specter of bifurcated litigation. Petitioners do not contend that their say-so should control the Court's management of its docket any more than should EPA's, but only that the Court should exercise its case management discretion based upon the circumstances of each case. *See Utah*, 2025 WL 1354371 at *2-*3. EPA again

### B. The Court's Abeyance Order Is Well Supported by the Factors that Typically Favor Abeyance

In any event, even if the Court's order warranted reopening, it is still correct, and EPA's recycled arguments again lack merit.

1. Abeyance Here Promotes Judicial Economy

"[T]he primary reason for holding a case in abeyance is to promote judicial economy," *Utah*, 2025 WL 1354371 at *2; judicial economy is clearly served by abeyance here. EPA's approach would require a separate, "later" judicial review proceeding to resolve objections pressed in Petitioners' administrative reconsideration petition, as EPA itself acknowledges. *E.g.*, Recon. Mot. 7; EPA Abeyance Opp. 10. But piecemeal litigation has significant drawbacks – cost and delay – for both the court and parties. These considerations support abeyance here.

2. Abeyance Avoids Prejudice to Petitioners

As our abeyance motion demonstrated, abeyance is necessary to avoid significant harm to Petitioners. Abeyance Mot. 19-20. If forced to litigate the case now, Petitioners could be barred from raising centrally relevant objections in this litigation and forced to wait until EPA acts on their reconsideration petition at some unknown time in the future. EPA again does not dispute that the reconsideration

---

(Recon. Mot. 8; Abeyance Opp. 7) selectively quotes a Senate Report to omit language recognizing that "courts retain the discretion to stay consideration of the appeal pending reconsideration by EPA." S. Rep. 101-228, 3755 (Dec. 20, 1989).

petition raises objections that were impracticable to raise during the public comment period and are of central relevance to the rule.

Nor does EPA disclaim an intent to argue that 42 U.S.C. § 7607(d)(7)(B) precludes Petitioners from raising these centrally important issues in this case, even though EPA is free to waive exhaustion defenses. *See EPA v. EME Homer City Generation, L.P.,* 572 U.S. 489, 512 (2014). Indeed, EPA does not even acknowledge the potential operation of the administrative-exhaustion bar.

EPA's suggestion that Petitioners could raise their objections to the rule "at a later time," Recon. Mot. 7, merely underlines the unfairness of the bifurcated-litigation approach. EPA seeks to prevent parties from adjudicating challenges to repeals of important health and environmental protections now and potentially for years into the future, during which time they will have lost these protections.[2]

[2] EPA claims that some of the current Petitioners' request to terminate an abeyance in *Air Alliance Houston v. EPA*, No. 20-1268, supports its position here. Recon. Mot. 9. It does not. In No. 20-1268, petitioners sought (with EPA's assent) an abeyance of no more than nine months to afford EPA time to act on their administrative petition. Unopposed Motion of Petitioners [to Hold Case] in Abeyance, ECF No. 1857786 (Aug. 21, 2020). Although initially reporting that it was prepared to act on the petition within weeks, Status Report, ECF No. 1878596 (Jan. 5, 2021), EPA still has not done so nearly six years later (even as it relies on the 2020 rule in the rule challenged here, 91 Fed. Reg. 9088, 9109 (Feb. 24, 2026)). After receiving no response to a May 2026 request that EPA rule on their long-pending reconsideration petition, the petitioners in No. 20-1268 have moved to revive that litigation – notwithstanding the risk that EPA will argue that some of their claims are barred by 42 U.S.C. § 7607(d)(7)(B) – because the length of delay has become untenable. ECF No. 2185739 & Att. A (July 31, 2026). EPA has opposed petitioners' request to lift the abeyance in that case. ECF No. 2190783

3. Abeyance Does Not Prejudice the Other Parties

Abeyance does not prejudice the parties. "[T]he part[ies] challenging [the] rule" here support abeyance. *See Utah*, 2025 WL 1354371 at *2. Nor does the limited abeyance granted in the Court's order prejudice EPA or respondent-intervenors. *See* Abeyance Mot. 19-20; Abeyance Reply 10-12. Far from imposing "'immediate and significant hardship,'" *Utah*, 2025 WL 1354371 at *2 (quoting *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012)), the challenged rule *removing* regulatory obligations is in effect and will remain so during the abeyance. The regulatory status quo during the abeyance period does not require the "regulated entity" to "'engage in, or refrain from, any conduct,'" *Utah*, 2025 WL 1354371 at *2 (quoting *Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007)). EPA's claims of prejudice to industry (Recon. Mot. 6) sound in "mere uncertainty or additional proceedings that might result from deferred review," *Utah*, 2025 WL 1354371, *2. Such vaporous concerns, if adequate here, would preclude abeyance in virtually all circumstances. Furthermore, resolving all legal challenges to the Final Repeal, including those presented in the reconsideration petition, is far more likely to further the interest EPA touts – legal certainty concerning the status of the 2026 Final Repeal – than is EPA's proposed

(Aug. 31, 2026). If No. 20-1268 is relevant here, it illustrates that EPA's commitment to "prompt judicial review of EPA's rules," Recon. Mot. 8, is highly variable.

course of separate and successive rounds of litigation, with the second round indefinitely postponed. *See* Abeyance Mot. 18.

EPA's claim of prejudice to itself also falls short. The agency has control over the timing of its decision on the reconsideration petition; if it is concerned about delay, EPA can simply act on the petition. Nor does EPA's desire to conserve resources by not assigning staff to resolve reconsideration petitions, Recon. Mot. 7, preclude abeyance. Addressing those petitions is part of EPA's statutory mandate to resolve claims that EPA violated fundamental statutory requirements, 42 U.S.C. § 7607(d)(7)(B) (EPA "shall convene" a reconsideration if the objections are of central relevance), including the duty to provide at proposal the bases of the agency's action and provide the public an opportunity to comment on those bases, *id*. § 7607(d)(5), (6). If, in EPA's view, the challenged rule merely repealed "unnecessary, costly, and technically infeasible requirements," Recon. Mot. 1 – and given that EPA "has not expressed any intent to reevaluate its litigation position or reconsider the Rule," *id.* at 7 – then EPA's task in disposing of Petitioners' administrative petition should be especially straightforward: It can deny it and allow Petitioners to litigate all their challenges in one case.

**CONCLUSION**

The motion for reconsideration should be denied.

Respectfully submitted,

/s/ Deborah M. Murray
Deborah M. Murray
Southern Environmental Law Center
120 Garrett Street, Suite 400
Charlottesville, VA 22902
(434) 977-4090
dmurray@selc.org

*Counsel for American Academy of Pediatrics, American Lung Association, American Public Health Association, and Physicians for Social Responsibility*

/s/ Sarah A. Buckley
Sarah A. Buckley
John Walke
Emily Davis
Sheena Patel
Natural Resources Defense Council, Inc.
1152 15th St. NW, Suite 300
Washington, D.C. 20005
sbuckley@nrdc.org
jwalke@nrdc.org
edavis@nrdc.org
spatel@nrdc.org
Tel: (202) 836-9555

*Counsel for Natural Resources Defense Council*

/s/ Sean H. Donahue
Sean H. Donahue
Keri R. Davidson
Chloe H. Kolman
Donahue, Goldberg, Herzog & Davidson
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
keri@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Vickie L. Patton
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
vpatton@edf.org

*Counsel for Environmental Defense Fund*

/s/ Nicholas Morales
Nicholas Morales
Kevin Breiner
James S. Pew
Earthjustice
1250 I St. NW, Fourth Floor
Washington, D.C. 20005
(202) 667-4500
nmorales@earthjustice.org
kbreiner@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance Houston, Chesapeake Climate Action Network, Clean Air Council, Downwinders at Risk, Kentucky Resources Council, Montana Environmental Information Center, and Sierra Club*

/s/ Shaun A. Goho
Shaun A. Goho
Hayden W. Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us
hhashimoto@catf.us

*Counsel for Alliance of Nurses for Healthy Environments, Citizens for Pennsylvania's Future, Clean Wisconsin, Conservation Law Foundation, and Natural Resources Council of Maine*

/s/ Sanjay Narayan
Sanjay Narayan
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 977-5769
sanjay.narayan@sierraclub.org

*Counsel for Sierra Club*

/s/ Brian H. Lynk
Brian H. Lynk
Environmental Law & Policy Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Plaintiffs Environmental Law & Policy Center and Dakota Resource Council*

**STATE OF ILLINOIS**
KWAME RAOUL
ATTORNEY GENERAL

/s/ *Jason E. James*
JASON E. JAMES
Assistant Attorney General
JOANNA BRINKMAN
Complex Litigation Counsel
CHRISTOPHER M.R. TURNER
Supervising Attorney, Civil Appeals
MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division
Illinois Attorney General's Office
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov
joanna.brinkman@ilag.gov
christopher.turner@ilag.gov
matthew.dunn@ilag.gov

**STATE OF MINNESOTA**
KEITH ELLISON
ATTORNEY GENERAL

*/s/ Peter Surdo*
PETER SURDO
CAT RIOS-KEATING
RYAN PESCH
Special Assistant Attorneys General
Office of the
Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
(651) 757-1244
peter.surdo@ag.state.mn.us
catherine.rios-keating@ag.state.mn.us
ryan.pesch@ag.state.mn.us

**STATE OF ARIZONA**
KRIS MAYES
ATTORNEY GENERAL

*/s/ Kirsten Engel*______
KIRSTEN ENGEL
Special Attorney General
Environmental Protection Unit
2005 N. Central Ave.
Phoenix, AZ 85085
(520) 209-4020
Kirsten.Engel@azag.gov

**STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Scott N. Koschwitz*
MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
Assistant Attorneys General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Matthew.Levine@ct.gov
Scott.Koschwitz@ct.gov

**STATE OF DELAWARE**
KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Vanessa.Kassab@delaware.gov

**STATE OF MAINE**
AARON M. FREY
ATTORNEY GENERAL

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Natural Resources Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

**STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6414
SGoldstein@oag.state.md.us

**COMMONWEALTH OF MASSACHUSETTS**
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Tracy Triplett*
TRACY TRIPLETT
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General for the Commonwealth of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2431
tracy.triplett@mass.gov

**STATE OF MICHIGAN**
DANA NESSEL
ATTORNEY GENERAL

*/s/ Hadley E. Tuthill*
HADLEY E. TUTHILL
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7664
TuthillH@michigan.gov
GiovanattiN@michigan.gov

**STATE OF NEW JERSEY**
JENNIFER DAVENPORT
ATTORNEY GENERAL

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
Division of Law
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 900-0782
Lisa.Morelli@law.njoag.gov

**STATE OF NEW MEXICO**
RAÚL TORREZ
ATTORNEY GENERAL

*/s/ William Grantham*
WILLIAM GRANTHAM
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 627-3474
WGrantham@nmdoj.gov

**STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Michael J. Myers*
MICHAEL J. MYERS
Senior Counsel for Air Pollution and Climate Change Litigation
MATTHEW EISENSON
Assistant Attorney General
Environmental Protection Bureau
ESTER MURDUKHAYEVA
Deputy Solicitor General
NYS Office of the Attorney General
The Capitol
Albany, NY 12224
(518) 776-2382
Michael.Myers@ag.ny.gov
Matthew.Eisenson@ag.ny.gov
Ester.Murdukhayeva@ag.ny.gov

**STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**STATE OF RHODE ISLAND**
PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Rachel Rebello*
RACHEL REBELLO*
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
rrebello@riag.ri.gov

**STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Hannah Yindra*
HANNAH YINDRA
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov

**STATE OF WASHINGTON**
NICHOLAS W. BROWN
ATTORNEY GENERAL

*/s/ Jennifer Slocum*
JENNIFER SLOCUM
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6741
Jenna.slocum@atg.wa.gov

**STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
Gabe.Johnson-Karp@wisdoj.gov

**DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General
400 6th Street, NW, Ste. 8100
Washington, D.C. 20001
(202) 727-3400
Caroline.Vanzile@dc.gov

**CITY OF CHICAGO, ILLINOIS**
MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Myriam Zreczny Kasper*
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
GABRIELLE SIGEL
Assistant Corporation Counsel
Supervisor
BRADLEY R. RYBA
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Ste. 580
Chicago, IL 60602
(312) 744-3564
Myriam.Kasper@cityofchicago.org
Gabrielle.Sigel@cityofchicago.org
Bradley.Ryba@cityofchicago.org

**HARRIS COUNTY, TEXAS**
JONATHAN G.C. FOMBONNE
COUNTY ATTORNEY

*/s/ Sarah Utley*
JONATHAN G.C. FOMBONNE
County Attorney
SARAH JANE UTLEY
Managing Counsel
Affirmative and Environmental
Divisions
Harris County Attorney's Office
1010 Lamar, 11th Fl.
Houston, TX 77002
(832) 596-9786
Sarah.utley@harriscountytx.gov

**CITY OF NEW YORK,**
**NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

*/s/ Tess Dernbach*
TESS DERNBACH
DEVON GOODRICH
Senior Counsel
New York City Law Dept.
100 Church Street
New York, NY 10007
(212) 356-2320
tdernbac@law.nyc.gov

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion contains 2108 words.

/s/ Sean H. Donahue

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, the foregoing response was filed via the Court's ECF system, which will provide copies to all registered counsel.

/s/ Sean H. Donahue