**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AIR ALLIANCE HOUSTON, et al.,<br>Petitioners,<br>v.<br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br>Respondents. | Case No. 26-1070 (consolidated with No. 26-1072) |

**EPA'S REPLY IN SUPPORT OF MOTION TO RECONSIDER ABEYANCE ORDER**

Petitioners' opposition to EPA's motion to reconsider the Court's abeyance order rings hollow and fails to address the crux of the issue.

The Court should reject Petitioners' baseless argument that EPA's reconsideration motion should be denied because "EPA identifies no error of fact or law in the panel's order." Recons. Opp'n 2, ECF No. 2191376. First, the panel's order is *one sentence* granting the requested abeyance—the order provides no factual or legal analysis. Order, ECF No. 2188182. Second, as made clear in EPA's motion, it is the abeyance order itself that constitutes the error of concern. By granting Petitioners' abeyance request over EPA's opposition, the Court has effectively imposed on EPA a deadline to decide Petitioners' administrative petition that Congress chose not to provide in the Clean Air Act. Such a deadline steps into the

exclusive jurisdiction of the district courts to issue unreasonable delay relief and overrides EPA's statutory discretion under a statutory provision designed to promote prompt judicial review of important national rules.

Indeed, Petitioners argue in their opposition that abeyance effectively imposes a deadline on EPA to decide their administrative petition, even though no such deadline exists in the law. Petitioners state that "EPA can simply act on the petition" to avoid any prejudice caused by the abeyance's delay. Recons. Opp'n 9. In the Clean Air Act, Congress gave EPA discretion on when to decide administrative petitions, *see* 42 U.S.C. § 7607(d)(7)(B)—discretion which this Court's order effectively strips away. As explained in EPA's motion, Petitioners err in asking this Court to accomplish as a matter of case management what it would lack jurisdiction to order under the Act. Mot. 8-9, ECF No. 2189667. Moreover, as EPA has explained, EPA has limited resources, and therefore it must exercise discretion in assigning staff to carry out a number of competing obligations, including acting on administrative petitions. *Id.* at 7.

Petitioners also continue to assert that *they* will be prejudiced if the Petitions for Review *they filed* are litigated on the merits. These claims continue to fall short. Even without an abeyance, Petitioners will have an appropriate opportunity to bring the issues in their administrative petition before the Court—either by raising them in merits briefing or by challenging EPA's eventual action on the administrative

petition. In contrast, EPA and others *are* prejudiced by abeyance—and unlike Petitioners, did not initiate this case by filing petitions for review. *See* Mot. 6-7; Abeyance Opp'n 15-16. Petitioners squint to argue there is a lack of immediate and significant hardship from the challenged rule, but do not grapple with the prejudice to EPA and others that stems from delay of the litigation, nor the prejudice to EPA from effectively forcing it to decide the administrative petition before this case can proceed.

Petitioners selectively and misleadingly quote *Utah v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) to suggest that abeyance is warranted because Petitioners support it. Recons. Opp'n 8. But unmodified, the quoted sentence does not support such a conclusion: "When the party challenging a rule does not oppose the agency's motion for abeyance, the court will generally presume there is no hardship and grant abeyance." *Utah*, 2025 WL 1354371, at *2. This sentence envisions a situation where *EPA* requested abeyance—an entirely different situation from the one here.

Petitioners' judicial economy argument is likewise unconvincing. Contrary to Petitioners' statements, EPA has not conceded that the administrative petition raises centrally relevant objections that were impracticable to raise during the comment period. *Cf.* Recons. Opp'n 2, 6-7. Nor does EPA take a position now on whether the issues in Petitioners' administrative petition are properly subject to the

Clean Air Act's exhaustion provision. *Cf. id.* Instead, EPA's motion simply points out that *if* issues in the administrative petition could not be litigated now, then any such issues "could be addressed, if necessary, at a later time." Mot. 7; *see also* Abeyance Opp'n 12 (stating that "EPA has made no determination on the reconsideration request"). Notably, Petitioners indicated that the issues in their administrative petition may be ripe for judicial review. Reply on Abeyance Mot. Ex. 1 (Admin. Pet.) 5, ECF No. 2176868. Thus, Petitioners' conclusion that litigating now would necessitate a later round of litigation is speculative. No one disputes that at least some issues may be properly presented to the Court now. At bottom, Petitioners have no meaningful response to the fundamental concern here: That granting abeyance on Petitioners' theory effectively adds an extra step to the Clean Air Act rulemaking process, deprives EPA of critical statutory discretion essential to the Clean Air Act's streamlined judicial review process, and usurps the delay jurisdiction that the Act confers exclusively on the district courts.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its August 13 Order and deny Petitioners' abeyance motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER

Deputy Assistant Attorney General

/s/ *Sonya J. Shea*
SONYA J. SHEA
U.S. Department of Justice
Energy and Natural Resources Division
Environmental Defense Section
999 18th St., North Terrace, Suite 600
Denver, CO 80233
(202) 598-3320
sonya.shea@usdoj.gov

Of Counsel:
Howard J. Hoffman
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

September 10, 2026

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1), by Microsoft Word's count, this document contains 803 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document is in 14-point Times New Roman font, a proportionally spaced font.

/s/ *Sonya J. Shea*
SONYA J. SHEA